# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

Jeffrey Lilly, *et al.*,

      Plaintiffs,

v.

BALTIMORE CITY POLICE
DEPARTMENT, *et al*.

      Defendants.

Civil Action No.: 1:22-cv-02752-BAH

## MEMORANDUM IN SUPPORT OF BALTIMORE POLICE DEPARTMENT'S MOTION TO STRIKE AND EXCLUDE AFFIDAVIT AND DOCUMENTS NOT PROVIDED IN DISCOVERY

## INTRODUCTION

In blatant disregard of Federal Rules of Civil Procedure, Plaintiff Jeffrey Lilly annexed an affidavit from Stephanie Lansey (ECF No. 75-6) and a letter purportedly from Brian Nadeau date January 1, 2021 (ECF No. 75-7) in support of his opposition to a motion for summary judgment filed Defendant, Baltimore Police Department (BPD), without fulfilling his discovery obligations. The Court cannot condone this strategy because it undermines the most basic and fundamental principles underlying our civil system of justice, i.e., a party cannot ambush an opposing party with testimony and evidence that was sought and withheld from the opposing party. *See Southern States Rack and Fixture v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Accordingly, BPD respectfully submits this Motion to Strike pursuant to Rules 16(f), 26(e) and 37(c) of the Federal Rules of Civil Procedure. The Court should absolutely strike and disregard the affidavit of Stephanie Lansey and the January 1, 2021, letter from Brian Nadeau, because they were never identified in Plaintiffs required Rule 26(a) disclosures, nor identified in response to the

BPD's interrogatories nor the documents produced in response to the BPD's request for production of documents, all in violation of Rule 26(e)(1).

<u>**STATEMENT OF FACTS**</u>

The Court set the following deadlines in this case: November 22, 2024, deadline for parties' Rule 26(e)(1) disclosures; December 6, 2024, close of fact discovery; January 17, 2025, dispositive motions deadline; February 17, 2025, deadline for Plaintiffs' opposition; and March 19, 2025, deadline for Defendants' reply. *See* ECF Nos. 63, 72. In accordance with the scheduling order, BPD filed its motion for summary judgment on January 17, 2025. ECF No. 68. Jeffrey Lilly filed his opposition on February 18, 2025.[1] ECF No. 75. Attached to his opposition were (1) an affidavit from witness Stephanie Lansey (ECF No. 75-6) and (2) a document purporting to be a letter sent by Brian Nadeau to trial board members dated January 1, 2021 (ECF No. 75-7).

With respect to the Brian Nadeau letter (ECF No. 75-7), Plaintiffs first disclosed this document via email to Defendants on February 11, 2025. *See* email from Plaintiffs' counsel to Defendants, attached hereto as Exhibit 1. On February 14, 2025, BPD responded, noting that the disclosure came well after the close of fact discovery and the Rule 26(e)(1) disclosure deadline. *See* BPD's February 14, 2025, letter to counsel, attached hereto as Exhibit 2. Accordingly, BPD informed the Plaintiffs that it reserved the right to move to exclude this document from the Court's consideration under Rule 16(f). *Id*. As for the Lansey affidavit, Plaintiffs never identified Ms. Lansey as a witness or disclosed the information she now testifies to in their Rule 26(a)(1) disclosures, their responses to BPD's interrogatories, or any documents produced in response to BPD's requests for production.

---

[1]Although the deadline for Plaintiff's opposition was February 17, 2025, that date fell on President's Day. Therefore, under Fed. R. Civ. P. 6(a)(C), the deadline was extended to February 18, 2025.

Plaintiffs' Rule 26(a)(1) disclosures are attached hereto as Exhibits 3 and 4. Plaintiffs made their first disclosure on May 17, 2024. *See* Exh. 3. Plaintiffs supplemented their disclosures on December 6, 2024. *See* Exh. 4. Stephanie Lansey is not identified in either disclosure.

BPD also served the following interrogatory requests on Plaintiffs:

Interrogatory Number 1: Identify the name, address, e-mail address, and telephone number of every person (other than expert witnesses) with knowledge and/or information concerning all or any part of the alleged circumstances giving rise to your Complaint including but not limited to any person specifically named or referenced in the Complaint, and with respect to each person, set forth the nature and substance of his or her knowledge.

Interrogatory Number 2: State the names and addresses of all persons whom you anticipate calling as witnesses at trial of this matter.

Interrogatory Number 8: Describe in detail each and every fact that supports your allegation that BPD violated your constitutional rights.

Plaintiffs' responses to these interrogatories are attached hereto as Exhibit 5. There is no information relating to Stephanie Lansey included in the responses. *Id*. BPD also requested the following documents from Plaintiff:

Request No. 6: Any and all materials or other tangible things you intend to rely upon to support a position you have taken or intend to take in this action, including any claim for damages.

Request No. 15: All other documents not provided in response to any of the previous requests, which describe, refer to or support any of the events, actions, inactions, or damages alleged in your Complaint.

Plaintiff's responses to BPD's request for production are attached as Exhibit 6. None of the numerous documents produced by Plaintiffs in this case identify Ms. Lansey as a witness or include any of the information presented in her affidavit.[2]

---

[2]Counsel for BPD also deposed Plaintiffs Jeffrey and Raquel Lilly, during which counsel extensively questioned the Plaintiffs about their theories and claims in this lawsuit. *See e.g.*, Depo. of R. Lilly, ECF No. 68-5; Depo. of Jeffrey Lilly, ECF No. 68-8. At no point in their depositions did Jeffrey or Raquel Lilly mention Stephanie Lansey as someone with knowledge relevant to their claims or theories in this case. *Id*. Even if they had, Plaintiffs would not be excused for their failure

Because of this lack of disclosure, the BPD is unfairly surprised and prejudiced. It has not been afforded the opportunity to depose or otherwise interview Stephanie Lansey, discovery is closed, and it has filed its motion for summary judgment. Accordingly, as shown in more detail below, Jeffrey Lilly is prohibited from relying on that same undisclosed evidence in opposing Defendant's motion for summary judgment by Fed.R.Civ.P. 26(e) and 37(c).

## ARGUMENT

### A. STANDARD OF REVIEW

Rule 26(e) provides in pertinent part:

> (1) In General. **A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission**— must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; []

(emphasis added).

In turn, Rule 37(c) provides:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The pertinent Advisory Committee Notes to Rule 37 emphasize that the "automatic sanction" of exclusion "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed.R.Civ.P. 37(c) advisory committee note (1993).

---

to identify Stephanie Lansey in their Rule 26(a)(1) disclosures or in response to BPD's discovery requests. *See Manguiat v. Bd. of Educ. of Prince George's Cnty.*, No. GJH-13-1165, 2015 WL 2376008, at *3-4 (D. Md. May 18, 2015). BPD notes this fact solely to highlight for the Court the complete absence of any disclosure regarding Stephanie Lansey at any point in this case.

4

Finally, Rule 16(f) provides:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

> (C) fails to obey a scheduling or other pretrial order.

Rule 16(f)'s reference to Rule 37(b)(2)(A)(ii) is particularly telling because that Rule provides for the Court to impose sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, o*r from introducing designated matters in evidence*." *See* Rule 37(b)(2)(A)(ii) (emphasis added).

This Court has previously held that Rule 26(e) violations, in which, as here, a party has failed to disclose information in their required Rule 26(a)(1) disclosures and in response to a discovery request, are subject to Rule 37(c) sanctions. *Skripchenko v. VIRxSYS Corp.*, No. CIV.A. TDC-13-0004, 2014 WL 4826788, at *7 (D. Md. Sept. 26, 2014) (unpublished). These sanctions are automatic and do not require a finding of bad faith or callous disregard of the discovery rules. *Hoyle v. Freightliner, LLC*., 650 F.3d 321, 330 (4th Cir. 2011). The only defense to the exclusionary remedy is if the court finds, per Rule 37(c)(1), that the failure was "substantially justified or is harmless."

When determining whether a failure to disclose was substantially justified or harmless, the Court is guided by a five-factor test: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." *Southern States Rack And Fixture, Inc.*, 318 F.3d at 596 (quoting *Rambus, Inc. v. Infineon Techs. AG*, 145 F.Supp.2d 721, 726 (E.D.Va. 2001)). However, the Court is not required to consider them. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

5

**B. JEFFREY LILLY'S FAILURE TO DISCLOSE TESTIMONY AND EVIDENCE TO THE BPD IS SUBJECT TO AN AUTOMATIC SANCTION UNDER RULE 37(C), AND THUS, HE CANNOT RELY ON ANY OF IT IN OPPOSITION TO THE BPD'S MOTION FOR SUMMARY JUDGEMENT.**

*<u>The Stephanie Lansey Affidavit</u>*

Because Jeffrey Lilly failed to identify Stephanie Lansey under his Rule 26(a)(1) disclosures and failed to properly produce this evidence in response to discovery requests, he is prohibited from relying on that same undisclosed evidence by Fed.R.Civ.P. 26(e) and 37(c). "Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26(a) or (e) is not allowed to use that witness to supply evidence on a motion." *Hoyle*, 650 F.3d at 329 (finding no abuse of discretion in lower court's striking of the declaration of a witness that was used in support of opposition to summary judgment, where the identity of the declarant was not disclosed in response to interrogatory requesting possible witnesses until after motion for summary judgment had been filed).

Jeffrey Lilly failed to include any information related to Stephanie Lansey in his Rule 26(a)(1) disclosures as a person he may use to support his claims in this lawsuit. *See* Exhs. 3, 4. Nor did he ever supplement his responses to interrogatory numbers 1, 2 or 8, or document requests to include any information concerning Stephany Lansey. *See* Exh. 5. Because Jeffrey Lilly failed to disclose Stephanie Lansey as a potential witness, he cannot now use her to supply evidence in support of his Opposition.

*<u>The Brian Nadeau Letter</u>*

Plaintiff first disclosed the Brian Nadeau letter (ECF No. 75-7) to Defendants on February 11, 2025. Exh. 1. This disclosure came eleven (11) weeks and three (3) days after the Rule 26(e) deadline and nine (9) weeks and three (3) after the close of fact discovery. *See* ECF No. 63. More

significantly, the disclosure was made three (3) weeks and four (4) days after Defendants had already filed their motion for summary judgment.

While Plaintiff at least attempted compliance with his discovery obligations in this instance, unlike the total failure to disclose Stephanie Lansey, this late disclosure falls outside the Court's deadlines and warrants exclusion under Rule 16(f). *See Contech Stormwater Sols., Inc. v. Baysaver Techs., Inc.*, 534 F. Supp. 2d 616, 625 (D. Md. 2008), aff'd, 310 F. App'x 404 (Fed. Cir. 2009) (excluding disclosures made after the close of discovery and, in some cases, after the filing of a summary judgment motion).

These are not 'close cases' of non-disclosure. Both instances represent clear violations of the Court's rules of discovery and scheduling order.

**C.     PLAINTIFFS FAILURE TO DISCLOSE IS NEITHER SUBSTANTIALLY JUSTIFIED NOR HARMLESS**.

Here, the Plaintiff's tactic of non-disclosure and delay is neither substantially justified nor harmless. Therefore, all of his newly disclosed evidence must be held unusable under Rule 37(c) and stricken from the Court's consideration.

Both this Court and the Fourth Circuit have overwhelmingly favored exclusion of undisclosed evidence in cases such as this. *See e.g., Hoyle*, 650 F.3d at 326–328 (Fourth Circuit affirming the District Court's exclusion of testimony disclosed before summary judgment but not during discovery); *Contech Stormwater Sols., Inc.*, 534 F. Supp. at 625 (disclosures made after close of discovery and in some cases after filing of motion for summary judgment found inadmissible); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 104 (D. Md. 2003) (documents discovered and disclosed after close of discovery held inadmissible). *See also Osunde v. Lewis*, 281 F.R.D. 250, 258 (D. Md. 2012); *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 112 F. Supp. 3d 330, 338 (D. Md. 2015); *Manguiat v. Bd. of Educ. of Prince George's Cty.*, No. GJH-13-

1165, 2015 WL 2376008 (D. Md. May 18, 2015); *Todd v. Prince George's Cty., Md.*, No. RWT 13-CV-1776, 2015 WL 2129702, at *6 (D. Md. May 6, 2015); *June v. Thomasson*, No. CV GLR-14-2450, 2015 WL 7273150, at *4 (D. Md. Nov. 18, 2015) (affidavit not disclose until month and a half after the close of discovery stricken).

In *Hoyle*, 650 F.3d at 326–328, the plaintiff, Hoyle, was alleging gender-based and sexual harassment that included the presence of "sexually provocative" material in the workplace as well as retaliation for complaining about the same. In her initial discovery responses, Hoyle stated that another employee, Chris Williams, "openly sold pornographic materials to employees in the workplace." *Id*. at 328. She did not, however, identify Mr. Williams in response to Freightliner's interrogatories seeking the names of "all individuals" having "knowledge of the matters alleged in the Complaint" and "all individuals" she "may call as witnesses, or upon whose sworn statements or testimony [she] may rely, at any trial or hearing in this action." *Id*. Two months after the close of discovery, after Freightliner had already filed its motion for summary judgment, Hoyle supplemented her discovery with a declaration by Mr. Williams and sought to rely on it in opposition to Freightliner's motion. *Id*. at 329. The District Court thereafter granted Freightliner's motion to strike the declaration. *Id*. It reasoned that references to Williams in deposition testimony and in Hoyle's discovery responses were "insufficient to alert Defendant that Williams was a potential witness" and that the non-disclosure was neither substantially justified nor harmless. *Id*.

Another similar case arose in this Court's decision in *Manguiat v. Bd. of Educ. of Prince George's Cty.*, No. GJH-13-1165, 2015 WL 2376008 (D. Md. May 18, 2015). In *Manguiat*, the plaintiff offered three declarations by witnesses in opposition to the defendant's motion for summary judgment. *Id*. at *3. One of those witnesses had never been identified at any point during discovery. *Id*. The other two had been identified in response to an interrogatory seeking "individuals with knowledge" but had not been identified in response to an interrogatory requesting a list of

potential witnesses. *Id.* Based on that failure to disclose the first witness at all and the other two as potential witnesses (even though they were identified elsewhere), this Court struck all three declarations. *Id.* at 4. It explained that the defendant was prejudiced by not having the "opportunity to depose the declarants in order to assess their degree of knowledge," without which the defendant was "unable to meaningfully refute or otherwise challenge the veracity of the statements contained in the declarations." *Id.* The Court further observed that this surprise could not be cured "without causing significant disruption to this case" given that discovery was closed, the defendant's summary judgment motion had already been briefed and filed, and that the case was already two years old. *Id.* This Court rejected the plaintiff's arguments that her listing of two of the witnesses in response to another interrogatory and discussing them during deposition testimony cured her failure to list them in response to defendant's first interrogatory seeking a list of potential witnesses. *Id.*

Consistent with *Hoyle* and *Manguiat*, in which disclosure has occurred well after the close of discovery, this court has found exclusion proper. *See Contech Stormwater Sols., Inc.*, 534 F. Supp. 2d at 625 (disclosures made after close of discovery and in some cases after filing of motion for summary judgment found inadmissible); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 104 (D. Md. 2003) (documents discovered and disclosed after close of discovery held inadmissible). *See also Osunde v. Lewis*, 281 F.R.D. 250, 258 (D. Md. 2012); *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 112 F. Supp. 3d 330, 338 (D. Md. 2015); *Todd v. Prince George's Cty., Md.*, No. RWT 13-CV 1776, 2015 WL 2129702, at *6 (D. Md. May 6, 2015); *June v. Thomasson*, No. CV GLR-14-2450, 2015 WL 7273150, at *4 (D. Md. Nov. 18, 2015)(affidavit not disclose until month and a half after the close of discovery stricken).

Here, like in *Hoyle* and *Manguiat*, the BPD has been prejudiced and surprised by not receiving the evidence identified above during discovery in this case. Without the opportunity to

depose Stephanie Lansey, in order to assess her degree of knowledge, and review the documents and assess their relevance to the Jeffrey Lilly's claims against the BPD, the BPD is unable to meaningfully refute or otherwise challenge the veracity of the statements contained in the affidavit and documents. Additionally, the non-disclosure cannot be cured "without causing significant disruption to this case," as Jeffrey Lilly now has the benefit of having the BPD's motion for summary judgment, discovery is closed, and this case has pending for several years.

BPD will not speculate as to why Plaintiffs failed to identify Stephanie Lansey as a witness or disclose the Brian Nadeau letter at any point during discovery. Regardless of the reason, Plaintiffs cannot be permitted to ambush BPD with undisclosed material at the last minute. Because Jeffrey Lilly made these disclosures only after BPD filed its motion for summary judgment and his failure to disclose is neither substantially justified nor harmless, the reasoning in *Hoyle* and *Manguiat* applies and all late-submitted evidence should be stricken.

Dated: March 19, 2025

Ebony M. Thompson

BALTIMORE CITY SOLICITOR

     /s/
_____

Brent D. Schubert (Bar No. 19593)
Gregory T. Fox (Bar No. 21472)
BALTIMORE CITY DEPARTMENT OF LAW
100 N. Holliday Street, Suite 101
Baltimore, Maryland 21202
Telephone: (443) 651-9633
Facsimile: (410) 396-2126
Gregory.Fox@baltimorepolice.org
Brent.Schubert@baltimorepolice.org
*Attorneys for Defendant, BPD*