# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

June 5, 2026

LETTER ORDER

Re:     *Lilly et al. v. Blue et al.*
        Civil No. 22-2752-BAH

Dear Counsel:

This letter confirms that I have scheduled a four-day jury trial to begin on Monday, December 14, 2026.

This letter also sets out pretrial filing deadlines, the pretrial conference date, and provides certain instructions concerning your pretrial submissions and trial preparation.

## A. Schedule

**Monday, September 28, 2026**...............................Deadline for Expert-Related Motions (Fed. R. Evid. 702, *Daubert*, or Otherwise Related to Expert Testimony)

**Monday, October 12, 2026**...................................Deadline for Oppositions to Expert-Related Motions

**Monday, November 16, 2026**...............................Deadline for Joint Pretrial Order, Motions in Limine ("MILs"), Voir Dire, Jury Instructions, and Special Verdict Form

**Monday, November 23, 2026**...............................Deadline for Oppositions to MILs

**Monday, November 30, 2026**...............................Pretrial Conference/Motions Hearing at 10:30 a.m. by telephone (subject to change)[1]                         (if necessary)

**Monday, December 14, 2026** (4 days)[2]..................Jury Trial

---

[1] This date was selected without the input of the parties, despite the opportunity to do so. Should the parties wish to select a different date and time, they may do so via motion filed on the docket.

[2] Please note that unless otherwise directed, jury trials are held four days per week, Monday–Thursday.

*Lilly et al. v. Blue et al.*
Civil No. 22-2752-BAH
June 5, 2026
Page 2

at 9:30 a.m. (Counsel will report to Courtroom 3D by 9:00 a.m.)

### B. Joint Pre-Trial Order and General Instructions

The pretrial order must comply with all provisions of Local Rule 106. The proposed pretrial order shall include final stipulations, or requests for stipulations, of specific facts, which include the legal theories relied upon in each claim and defense. *See* Loc. R. 106.2(f). With regard to evidence, the proposed pretrial order must include a detailed list of "exhibits the parties agree may be offered in evidence without the usual authentication." Loc. R. 106.2(h). The list of documents should be detailed and include each document by title. The list of witnesses must satisfy Local Rule 106.2(i). For depositions under Fed. R. Civ. P. 32, the parties shall include "[a] list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations." Loc. R. 106.2(k). If the parties do not plan to use depositions in their cases in chief, they may indicate the same and reserve the right to use depositions for impeachment. The parties will indicate their agreement, or lack thereof, as to admissibility of each document and any testimony to be presented as evidence. *See* Loc. R. 106.2(g), (l), (m).

In addition to the information required by Local Rule 106.2(j), the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. *See* Loc. R. 106.2(m). The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

Please note that all of your proposed voir dire questions, jury instructions, special verdict forms, and proposed pretrial order should be filed electronically via the CM/ECF system, submitted in hard copy to my Chambers, and emailed, as Microsoft Word documents, to: MDD_BAHChambers@mdd.uscourts.gov.

### C. Voir Dire

I have attached my non-case specific voir dire questions, which I expect to use in this case. Counsel should review these questions and confer with one another.  After conferring, counsel should provide me with:

1. A jointly proposed, one paragraph statement of the case to be read to the venire panel explaining the nature of the case in general terms; and

2. Case-specific voir dire questions requested by counsel, indicating whether opposing counsel objects to the proposed additional questions.

### D. Jury Instructions and Special Verdict Form

I have attached a copy of my general jury instructions which I will use in this case.  Please

*Lilly et al. v. Blue et al.*
Civil No. 22-2752-BAH
June 5, 2026
Page 3

confer and provide me with:

1. Any jointly proposed **case-specific instructions not covered in the materials I have enclosed**, if necessary;

2. A jointly proposed special verdict form (if possible); and

3. Where the parties cannot agree on joint submissions, counsel should separately submit their proposed case-specific instructions or special verdict forms, specifically identifying the disputed issues.

Any additional jury instructions you propose should 1) be typed, one per page; 2) be numbered and assembled in the order in which you request that they be read to the jury; and 3) include a citation supporting the instructions. Parties should rely on pattern instructions whenever possible. My preferred sources are Sand, Siffert, et al., <u>Modern Federal Jury Instructions</u>; O'Malley, et al., <u>Federal Jury Practice and Instructions</u>; or <u>Maryland Pattern Jury Instructions</u> as appropriate. If you change a pattern instruction in any way, please make the changes clear by <u>underlining</u> additions, [bracketing] deletions, and note after the citation that the proposed instruction is "modified." If you propose a non-pattern instruction, please include a citation supporting the instruction.

### E. <u>Guaranteeing Witness Availability</u>

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Loc. R. 106.2(i), as "expecting to present" at trial.

### F. <u>Objections to Exhibits and Evidence</u>

Fed. R. Civ. P. 26(a)(3) requires the parties to provide pretrial disclosure of the evidence that they intend to present at trial. Under Loc. R. 106.4,[3] the parties' timely submission of a pretrial order constitutes compliance with Fed. R. Civ. P. 26(a)(3).

Fed. R. Civ. P. 26(a)(3) also provides that objections to pretrial disclosures, other than objections under Fed. R. Evid. 402 (Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible) and Fed. R. Evid. 403 (Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time), that are not raised within 14 days of the disclosure are waived unless excused by the court for good cause shown. Therefore, a party's failure to raise objections to evidence listed in the pretrial order submitted under Loc. R. 106.4 is deemed to be a waiver of

---

[3] Local Rule 106.4(c) provides that "[s]ubmission of a pretrial order containing the information required by L.R. 106.2 within the time limits prescribed by L.R. 106.3 and L.R. 106.4 shall be deemed to constitute compliance with Fed. R. Civ. P. 26(a)(3)."

*Lilly et al. v. Blue et al.*
Civil No. 22-2752-BAH
June 5, 2026
Page 4

that party's right to object to those items at trial, other than on grounds of relevance or prejudice/confusion/waste of time.

In addition to the objections noted on the pretrial order, please be prepared to advise me at the pretrial conference if there are any additional objections to the documents and exhibits listed in the pretrial order in accordance with Loc. R. 106.2(h).

All exhibits must be tagged and numbered prior to trial in accordance with Loc. R. 106.7(a). You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Loc. R. 106.7(b).

Copies of the parties' proposed exhibits must be in a three-ring binder. The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. Those exhibits will be discussed at the pretrial conference. The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties.

### G.  Use of Courtroom Equipment

Please be prepared to advise me at the pretrial conference if you would like to use any courtroom equipment at trial. The Court has available DVD players and monitors and one electronic evidence presenter (JERS). If the parties wish to use JERS, please let court staff know. Counsel may do a technology walkthrough with the assigned courtroom deputy closer in time to the trial. Counsel are encouraged to test the laptops they will use during trial at a walkthrough to prevent delays during trial. Counsel will not be allowed to bring monitors, tables, printers, etc. to the courthouse.

### H.  Trial Instructions

Please read carefully the attached memorandum entitled "Instructions to Counsel Regarding Trial Procedure and Conduct." You are responsible for knowing the contents of these instructions in addition to the provisions of Loc. R. 107 concerning trial conduct.

### I.  Settlement

Unless the court is notified of any settlement no later than **one full business day** prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Loc. R. 107.4. Ordinarily, in civil cases, 25-28 potential jurors are called as members of the venire panel, and the cost per juror is approximately $70.

*Lilly et al. v. Blue et al.*
Civil No. 22-2752-BAH
June 5, 2026
Page 5

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/

Brendan A. Hurson
United States District Judge